# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| RYAN ANDERSON, ) | |
| ) | |
|    PLAINTIFF ) | |
| ) | |
| VS. ) | CASE NO. _____ |
| ) | |
| MIDLAND FUNDING, LLC, ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., and FULTON, FRIEDMAN & ) | |
| GULLACE, LLP ) | |
| ) | |
|    DEFENDANTS ) | |

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW Plaintiff, , by and through undersigned counsel, and brings this Complaint against Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Fulton, Friedman & Gullace, LLP. In support thereof, Plaintiff would show unto the Court the following, to-wit:

### I. JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, as this civil action arises under the Constitution, laws or treaties of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## II. PARTIES

3. Plaintiff, Ryan Anderson, is a natural person who is domiciled in Bartlett, Shelby County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant Midland Funding, LLC ("Midland Funding") is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and a for-profit limited liability company organized under the laws of the State of Delaware that may be served with process through its registered agent for service, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. Defendant Midland Credit Management, Inc. ("MCM") is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized under the laws of the State of Delaware that may be served with process through its registered agent for service, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Defendant Fulton, Friedman & Gullace, LLP ("FF&G") is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a for-profit limited liability partnership organized under the laws of the State of New York that may be served with process through its registered agent for service, Cynthia Fulton, 500 First Federal Plaza, Rochester, NY 14614.

## III. FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to Chase Bank USA, N.A. (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

9. Defendants Midland Funding and MCM are in the business of purchasing charged-off debts and attempting to collect them from consumers.

10. Upon information and belief, Defendants Midland Funding and MCM intentionally make a business decision not to obtain the written contracts signed by consumers or other evidence of the alleged debts when purchasing charged-off debts or prior to filing state court collection lawsuits against consumers.

11. Upon information and belief, Defendant FF&G intentionally makes a business decision not to obtain the written contracts signed by consumers or other evidence of the alleged debt prior to filing state court collection lawsuits against consumers.

12. The Debt was purchased, assigned or transferred to Midland Funding for collection, or Midland was employed by the Creditor to collect the Debt.

13. FF&G was employed by Midland to collect the Debt.

14. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as that terms is defined in 15 U.S.C. §1692a(2).

**A.      Collection Lawsuit**

15. Within the past year, Midland Funding and FF&G filed a Civil Warrant against Plaintiff in the General Sessions Court of Shelby County, Tennessee (the "collection lawsuit").

16. The Civil Warrant was a "communication" as that term is defined by 15 U.S.C. §1692a(2), and was made in connection with the collection of a debt and in an attempt to collect a debt.

17. Attached to the Civil Warrant was an affidavit executed by Heidi Hennen, a Legal Specialist employed by Midland Credit Management, Inc. (the "Affidavit").

18. The Affidavit was a "communication" as that term is defined by 15 U.S.C. §1692a(2), and was made in connection with the collection of a debt and in an attempt to collect a debt.

19. The Civil Warrant stated that Midland Funding was the assignee of Chase Bank USA, N.A.

20. Defendants' sworn account claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant that intended to deceive the state court and the Plaintiff.

21. An affidavit filed in support of a civil warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. *See* Tenn. Code Ann. §24-5-107(a).

22. Upon information and belief, when Midland Funding and/or MCM purchased the Debt, it did not receive any supporting documentation of the Debt, including, but not limited to (a) the underlying contract, (b) anything bearing the consumers signature, (c) any documentation regarding what was purchased or when, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the charged-off debt is principal and which portion is interest.

23. Prior to filing suit against Plaintiff, Midland Funding and FF&G failed to obtain any supporting documentation of the Debt, including, but not limited to (a) the underlying contract, (b) anything bearing the consumers signature, (c) any documentation regarding what was purchased or when, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which

informs or shows them which portion of the charged-off debt is principal and which portion is interest.

24. Because debt buyers such as Midland Funding and debt collection attorneys such as FF&G lack documentation necessary to establish a claim based on a breach of contract, they file collection lawsuits against Tennessee consumers on a sworn account, and attempt to support the claim with a false, deceptive and misleading affidavit.

25. Upon information and belief, Heidi Hennen, employed by MCM, did not review any records of the originator of the Debt or make any effort to determine whether there was a contract signed by Plaintiff and, if so, whether the amount of the Debt as to principal and interest she alleged was owed by Plaintiff in the Affidavit was correct, prior to signing the Affidavit.

26. When Heidi Hennen executed the sworn Affidavit, she had no personal knowledge of the balance of the Debt and she had no personal knowledge of the amount of interest or other charges that had accrued on the Debt, as she had never seen any agreement regarding the Debt.

27. Neither MCM nor Heidi Hennen had any personal knowledge regarding the books and records of Chase Bank USA, N.A. prior to Heidi Hennen signing the sworn Affidavit.

28. Upon information and belief, the only information that Heidi Hennen was able to review prior to signing the sworn Affidavit was the limited information obtained by MCM and/or Midland Funding from the original Creditor in the computer records.

29. Without any records of the originator of the Debt available for her to review to determine if there was a contract signed by Plaintiff and, if so, whether the amount of the debt she alleged was owed by Plaintiff in the sworn Affidavit was correct as required by Tennessee state law for a sworn account, it was impossible for Heidi Hennen to truthfully make a sworn

Affidavit as to the correctness of the amount owed, if any, by Plaintiff. *See Foster v. Scott County*, 65 S.W. 22, 23 (Tenn. 1901) ("The statute is plain that the correctness of the account must be sworn to by the plaintiff.  It does not say nor imply that the oath may be made by a bookkeeper or salesman or agent of any kind.  If the plaintiff cannot, for want of proper information, make the oath himself, then he does not bring himself within the provisions of the act, and is not entitled to its benefit, but must prove his account as in other cases.  We cannot extend or enlarge the terms of the statute to let in the sworn ex parte statement of a third person, no matter what may be his means or the extent of his information, nor how much such a holding may be desirable").

30.    Nevertheless, Defendants, planning on a default in the state court collection lawsuit, attempted to create the illusions for the state court judge and the Plaintiff that Heidi Hennen had such personal knowledge.

31.    Defendants filed the state court collection lawsuit against Plaintiff in an attempt to collect the Debt using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims that the Plaintiff owed money to Midland Funding.

**B.    Respondeat Superior Liability**

32.    The acts and omissions of Heidi Hennen, as an agent for MCM and/or Midland Funding, and who communicated with Plaintiff as described above, were committed within the scope of her agency relationship with MCM and/or Midland Funding.

33.    The acts and omissions of Heidi Hennen were incidental to, or of the same general nature as, the responsibilities she was authorized to perform by MCM and/or Midland Funding in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, Heidi Hennen was motivated to benefit her principal(s), MCM and/or Midland Funding.

35. MCM and/or Midland Funding are, therefore, liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors and omissions done in violation of the FDCPA of Heidi Hennen in their attempts to collect the Debt from Plaintiff.

### B.  Failure to Obtain a Collection Service License

36. The Tennessee Collection Service Act provides that "[n]o person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection license issued by the [Collection Service] board under this chapter, or prior state law." Tenn. Code Ann. §62-20-105(a).

37. A "collection service" is defined as "any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity." Tenn. Code Ann. §62-20-102(3).

38. At all times relevant to this Complaint, Neither Midland Funding nor FF&G had been issued a valid collection service license by the Tennessee Collection Service Board that is necessary for a collection service to legally collect debts in Tennessee.

### IV.  CAUSES OF ACTION

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§1692, *ET SEQ.*

39. Plaintiff incorporates by reference the above and foregoing paragraphs of this Complaint as if they had been fully stated herein.

40. The above-detailed conduct by Defendants in connection with the collection of a debt and in an attempt to collect a debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the following provisions of the FDCPA:

   a. Defendants' conduct violated 15 U.S.C. §1692e in that Defendants employed false, deceptive, and/or misleading representations and means in connection with the collection of a debt.

   b. Defendants' conduct violated 15 U.S.C. §1692e(5) in that Defendants took actions against Plaintiff which they could not legally take in connection with the collection of a debt.

   c. Defendants' conduct violated 15 U.S.C. §1692e(10) in that Defendants employed false representations and/or deceptive means to collect a debt.

   d. Defendants' conduct violated 15 U.S.C. §1692f in that Defendants employed unfair and/or unconscionable means to collect at debt.

### COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. Plaintiff incorporates by reference the above and foregoing paragraphs of this Complaint as if they had been fully stated herein.

42. The Restatement of Torts, Second, §652(b) defines intrusion upon seclusion as, "One who intentionally intrudes . . . upon the solitude of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. Tennessee further recognizes the Plaintiff's right to be free from invasions of privacy; thus, Defendants violated Tennessee state law.

44. The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

46. All acts of the Defendants were committed with malice, intent, wantoness, and recklessness and, as such, Plaintiff is entitled to punitive damages from Defendants.

### COUNT III – NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff incorporates by reference the above and foregoing paragraphs of this Complaint as if they had been fully stated herein.

48. The above-described acts, practices and conduct of the Defendants was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and are to be regarded as atrocious, and utterly intolerable in a civilized community.

49. The above-described conduct constitutes the torts of negligent and intentional infliction of emotional distress under the laws of the State of Tennessee.

50. As a result of Defendants' conduct, Plaintiff suffered extreme mental anguish and severe emotional distress and is, therefore, entitled to an award of compensatory damages.

51. All acts of the Defendants were committed with malice, intent, wantoness, and recklessness and, as such, Plaintiff is entitled to punitive damages from Defendants.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant for the following relief:

1. For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

2. For an award of statutory damages pursuant to 15 U.S.C. §1692(a)(2)(A) in the amount of $1,000.00 against each and every Defendant and for Plaintiff;

3. For an award of costs of this litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for Plaintiff;

4. For an award of punitive damages against each and for Plaintiff, in an amount to be determined at trial by a jury; and

5. For such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

THE MCLEAN LAW FIRM, LLC

BY: */s/Kenneth D. McLean*
Kenneth D. McLean (BPR #30472)
P. O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
E-mail: Kenneth@themcleanlawfirm.com